697 S.E.2d 161

Brian M. POWELL, Plaintiff Below, Appellant

v.

Steven L. PAINE, State Superintendent of Schools, Defendant Below, Appellee.

No. 34946.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 10, 2010.

Decided June 24, 2010.

Ron L. Tucker, Esq., Fairmont, WV, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Kelli D. Talbott, Esq., Deputy Attorney General, Katherine A. Campbell, Esq., Assistant Attorney General, for Appellee.

PER CURIAM:

This appeal by Brian M. Powell (hereinafter referred to as "Appellant"), arises from the September 17, 2009, order of the Circuit Court of Kanawha County, which was entered pursuant to this Court's opinion in *Powell v. Paine*, 221 W.Va. 458, 655 S.E.2d 204 (2007) (hereinafter referred to as *Powell I*). In this order, the circuit court was attempting to comply with the mandate issued by this Court in *Powell I* to reinstate the appellant's teaching license. At issue is whether the circuit court should have awarded to Powell the costs associated with pursuing this matter, including reasonable attorneys fees, as well as other employment-related benefits, including back wages.

After review of the record in this matter, the briefs of the parties, the arguments of counsel and all pertinent authorities, we conclude that the lower court correctly applied the law in the original remand of this case and affirm the decision of the Circuit Court of Kanawha County.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Although the facts and circumstances of the prior case were fully developed in *Powell I*, it is necessary to repeat some of the pertinent findings. The appellant was a science teacher and head football coach at Moorefield High School in Hardy County, West Virginia. In 2004, the appellant disciplined his then nine-year-old son to a point where the Department of Health and Human Resources and law enforcement initiated in-

vestigations. While the appellant was initially charged with felony child abuse for the injuries inflicted upon his son, the case was ultimately resolved with Powell's entry of a plea to one count of misdemeanor domestic battery. The appellant was sentenced to 30 days of incarceration, to be served on weekends, and a fine.

As noted in *Powell I*, the appellant informed the Hardy County superintendent of schools and the principal of Moorefield High School of the beating incident and subsequent occurrences, including the criminal actions instituted in Hardy County. The first action taken by the school board occurred after Powell was charged with the felony offense of child abuse. Effective October 15, 2004, the appellant was suspended by the Hardy County school superintendent with pay, pending an investigation into this incident. After learning that the appellant had entered a plea to reduced charges, the county superintendent suspended Powell without pay on October 29, 2004, and recommended to the Hardy County Board of Education that the appellant be discharged pursuant to West Virginia Code § 18A–2–8 (2007).[1] The Hardy County Board of Education rejected that recommendation, but did uphold the appellant's suspension by the superintendent pending the completion of a satisfactory comprehensive psychiatric evaluation showing that Powell did not pose any danger to students. The appellant returned to his classroom duties on January 12, 2005, without back pay, and did not file a grievance regarding the Hardy County Board of Education's personnel actions. As we noted in *Powell I*:

> Appellant was disciplined by the county board by having his suspension from employment extended until the next school year and by not being awarded back pay for the period of suspension following his conviction of domestic battery.

*Powell I, supra,* at 463, 655 S.E.2d at 209.

The county superintendent then notified the appellee State School Superintendent of the action as contemplated by West Virginia Code § 18A–3–6 (2007).[2] The appellee then notified Powell that the West Virginia Department of Education was conducting an investigation regarding the aforementioned incident with his son. This notice also included a provision for a hearing on October 25, 2005, before the Professional Practice Panel (hereinafter referred to as "PPP"). The PPP recommended that the appellant's license to teach be suspended for four years, a decision adopted by the appellee. As a

---

**1.** West Virginia Code § 18A–2–8 states, in pertinent part:

> (a) Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge.

**2.** West Virginia Code § 18A–3–6 states, in pertinent part:

> The state superintendent may, after ten days' notice and upon proper evidence, revoke the certificates of any teacher for any of the following causes: Intemperance; untruthfulness; cruelty; immorality; the conviction of a felony or a guilty plea or a plea of no contest to a felony charge; the conviction, guilty plea or plea of no contest to any charge involving sexual misconduct with a minor or a student; or for using fraudulent, unapproved or insufficient credit to obtain the certificates: Provided, That the certificates of a teacher may not be revoked for any matter for which the teacher was disciplined, less than dismissal, by the county board that employs the teacher, nor for

which the teacher is meeting or has met an improvement plan determined by the county board, unless it can be proven by clear and convincing evidence that the teacher has committed one of the offenses listed in this subsection and his or her actions render him or her unfit to teach: Provided, however, That in order for any conduct of a teacher involving intemperance; cruelty; immorality; or using fraudulent, unapproved or insufficient credit to obtain the certificates to constitute grounds for the revocation of the certificates of the teacher, there must be a rational nexus between the conduct of the teacher and the performance of his or her job. The state superintendent may designate the West Virginia commission for professional teaching standards or members thereof to conduct hearings on revocations or certificate denials and make recommendations for action by the state superintendent.

It shall be the duty of any county superintendent who knows of any acts on the part of any teacher for which a certificate may be revoked in accordance with this section to report the same, together with all the facts and evidence, to the state superintendent for such action as in the state superintendent's judgment may be proper.

result, on December 9, 2005, the appellee suspended the teaching license of the appellant for a period of four years. Because he did not have a valid teaching license, the Hardy County Board of Education terminated the appellant's employment. Pursuant to West Virginia Code § 29A-5-4 (2007), the appellant appealed the decision of the State School Superintendent to the circuit court of Kanawha County.

As we noted in *Powell I*, the challenge made by Powell was not to the PPP's finding of cruelty based upon his guilty plea to domestic battery, but to his contention that insufficient evidence existed to support the suspension of his teaching license. In *Powell I*, we found that while the physical punishment inflicted upon the appellant's son was egregious and indefensible conduct, the suspension of the appellant's teaching license was not supported by the findings of the PPP, because the findings did not connect Powell's cruelty to his son to the performance of his teaching and coaching duties. "Absent evidence of any ill-effects on his ability to teach, Appellant has complied with the redemptive measures established in our society to rehabilitate his behavior and we find no reason why Appellant should not be permitted to resume his teaching career without further delay." *Powell I supra* at 465, 655 S.E.2d at 211.

After our mandate in *Powell I* issued, the appellee promptly reinstated Powell's teaching license. Subsequent to the reinstatement of the appellant's teaching license, Powell submitted to the circuit court through his counsel a proposed order that sought an award of attorneys' fees, back wages and other "employment-related benefits" that he lost because of his termination by the Hardy County Board of Education. The appellee objected to the entry of this order. After due consideration the circuit court entered an order on September 17, 2009, that denied the requested monetary award. In its final order, the circuit court opined that "it does not have authority to award Powell employment-related benefits or attorneys fees in this matter." The circuit court reasoned that the remand issued in *Powell I* was a limited remand, that gave the circuit court a narrow

framework within which the court must act. Proceeding in accordance with the directives established on appeal, the circuit court found that the requested attorney fees and other employment benefits were not within the narrow scope of this Court's ruling in *Powell I*. It is from this order and denial of attorney fees and other employment benefits that Powell undertook the present appeal.

## II.

## STANDARD OF REVIEW

■ "A circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*." Syllabus Point 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).

## III.

## DISCUSSION

Central to this case's conclusion is whether the mandate of this Court in *Powell* was properly and correctly adhered to by the circuit court. The appellant contends that the circuit court failed to do so by neglecting to include those matters requested by him, including attorneys fees and costs associated with pursuing the appeal and employment-related items, such as back wages. In order to interpret the circuit court's actions in regard to *Powell I* it is necessary to examine the types of mandates issued by this Court.

■ "Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and circumstances it embraces." Syllabus Point 3, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).

■ As we have previously explained, the mandate from our Court "controls the framework that the circuit court must use in effecting the remand." *Frazier & Oxley,*

supra, at 809, 591 S.E.2d at 735. We further explained that there are two types of remands issued by this Court, general and limited. A general remand gives a circuit court authority to address all matters, as long as the actions are consistent with the remand language. *Id.* A limited remand, however, explicitly outlines the issues to be addressed by the circuit court. *Id.* There is "no universally applicable standard for determining whether a remand is general or limited, and the particular intricacies of each case will bear on the issue." *Id.*

Our mandate in *Powell I* was simple and direct. We reversed the ruling of the circuit court that upheld the suspension of the appellant's teaching license. We stated that "we find it necessary to reverse the circuit court's order affirming the agency's action suspending the Appellant's certificates to teach." Our specific directive to the circuit court was:

> In keeping with the foregoing, the May 26, 2006, order of the Circuit Court of Kanawha County is reversed and the matter is remanded for reinstatement of the Appellant's teaching license.

*Powell I, supra,* at 465, 655 S.E.2d at 211. Thus, the mandate was limited, within the definitions prescribed by this Court in *Oxley, infra.* Upon reviewing the order of the circuit court, we find that the circuit court did exactly what it was directed to do in *Powell I.* It ordered the reinstatement of the appellant's teaching license. There was no authority or directive to do anything more than that. The circuit court was correct in limiting its actions to the directions this Court included in the mandate.

## IV.

## CONCLUSION

For the foregoing reasons, the September 17, 2009, order of the Circuit Court of Kanawha County, West Virginia, denying an award of attorney fees and employment-related benefits to the appellant, is affirmed.

**Affirmed.**